Anthony Ray Armstrong v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-143-CR

ANTHONY RAY ARMSTRONG APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Anthony Armstrong was convicted by a jury of attempted burglary of a habitation.  After he pled true to the habitual count, the jury assessed his punishment at sixty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  In one point, Appellant contends that trial counsel rendered ineffective assistance of counsel because he “forgot to request an instruction on the lesser included offense of criminal trespass[,] depriving appellant of his only defense to this offense.”  Appellant’s motion for new trial alleged only that the verdict was contrary to the law and the evidence.  No affidavits were attached, and the motion was denied without a hearing by operation of law.  Consequently, the record does not reveal the basis for the absence of a request by trial counsel of an instruction on criminal trespass.  This court will not “reverse a conviction on ineffective assistance of counsel grounds when counsel's actions or omissions may have been based upon tactical decisions, but the record contains no specific explanation for counsel's decisions.”
(footnote: 2)  Accordingly, based upon the applicable standard of review,
(footnote: 3) we overrule Appellant's sole point and affirm the trial court’s judgment.
 PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 17, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Bone v. State
, 77 S.W.3d 828, 830 (Tex. Crim. App. 2002).

3:
See Strickland v. Washington
, 466 U.S. 668, 687-90, 694, 104 S. Ct. 2052, 2064-66, 2068 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812-14 (Tex. Crim. App. 1999).